**HEBDEN, Plaintiff-Appellant, v. HEBDEN, Defendant-Appellee.**

Ohio Appeals, Tenth District, Franklin County.

No. 5783.   Decided April 22, 1958.

King & Gross, George W. Gross, of Counsel, Columbus, for plaintiff-appellant.

Carlisle O. Dollings, Columbus, for defendant-appellee.

### OPINION

By MILLER, J.

The record reveals that on August 31, 1957, the plaintiff-appellant filed her notice of appeal directed to an order of the Common Pleas Court, Division of Domestic Relations, entered on the 19th day of August, 1957. Thereupon the appellee filed a motion to dismiss the appeal for the following reasons:

(1) The notice of appeal is directed to the judgment entered on the 19th day of August, 1957, and the record reveals that no judgment was entered on said date.

(2) The order of the trial court is not a final order.

The Court sustained said motion for the reasons that the facts support the allegations contained in ground No. 1, and since it appeared that the court had no jurisdiction, no consideration was given to the second branch of the motion at that time. Then on December 6, 1957, the appellant moved for a reconsideration and for leave to amend at bar her notice of appeal by changing the date of the order appealed from to the 29th day of August instead of August 19th, 1957. This motion was sustained and the amendment was ordered allowed as the date of the order appealed from had been corrected by the amendment. The motion to dismiss was then overruled. However, in overruling the motion to dismiss,

the court failed to give further consideration to the second branch of the motion, to wit. that the order of the trial court is not a final order from which an appeal can be taken. Since a jurisdictional question may be raised at any time we now give further consideration to this branch of the motion. The order of the trial court dated August 29, 1957, in so far as it is pertinent to this appeal, was as follows:

"It is therefore, Ordered, Adjudged and Decreed that the motion of the defendant be and hereby is conditionally sustained and the order for support suspended with the understanding that if plaintiff's appeal is sustained by the Supreme Court, the payments suspended shall be made up. If the position of the plaintiff be not sustained in the Supreme Court, then the suspension is to stand, effective August 5, 1957. To all of which both parties except."

**Section 6, Article IV, Ohio Constitution,** limits the jurisdiction of this court to such "as may be provided by law to review, affirm, modify, set aside, or reverse judgments or final orders * * *of courts of record inferior to the Court of Appeals within the district * * *." The question, therefore. presented is whether or not the order of August 29th is a final order We are of the opinion that it is merely a temporary or conditional order and therefore not final, the ultimate effect of the same being dependent upon the result of the appeal to the Supreme Court. In **Chandler & Taylor Co. v. Southern Pacific Co., 104 Oh St 188,** the court held in **paragraph 1** of the syllabus that,

"* * * The term (judgment) comprehends all decrees and final orders rendered by a court of competent jurisdiction and which determine the rights of parties affected thereby."

As stated previously, the order appealed from was only temporary and dependent upon the result of the appeal to the Supreme Court.

In **Sinclair v. Sinclair, 98 Oh Ap 308,** the court held that,

"An order allowing temporary alimony is not a final order within the provisions of §2505.02 R. C., unless the record shows an abuse of discretion."

We recognize that the cited section of the Code, supra, provides that an order affecting a substantial right in a special proceeding or upon a summary application in an action after judgment is a final order. However. the order appealed from was only conditional and therefore no substantial rights were affected. It is provisional in its nature. subject to modification at any time and does not determine the ultimate rights of the parties to this action. It is. therefore, not a judgment or a final order from which an appeal on questions of law may be taken to this court. Therefore, this court was without jurisdiction to issue any order relating to support or attorney fees and those previously made will be vacated and set aside.

For the aforesaid reasons the court on its own motion will dismiss the appeal at appellant's costs.

PETREE, PJ, BRYANT, J, concur,